### Agostini, Demandante y Apelada, *v.* Agostini, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre alimentos provisionales en caso de divorcio.

No. 1989.—Resuelto en junio 9, 1919.

Divorcio — Alimentos Provisionales Pendente Lite — Apreciación de la Prueba.—En el presente caso la corte de distrito condenó al esposo deman-

dado en divorcio, a pagar a la esposa una pensión alimenticia *pendente lite,* de $50 mensuales. Quizás la cantidad asignada sea subida atendidos los escasos medios de fortuna del demandado, pero como el asunto queda siempre abierto ante la corte de jurisdicción original y no se ha demostrado un claro abuso de discreción, procede la confirmación de la sentencia recurrida.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carlos del Toro Fernández.*

Abogado de la apelada: *Sr. Libertad Torres Grau.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Clara Providencia Agostini, *neé* López Antonmattei, entabló demanda de divorcio contra su esposo Angel Agostini, y solicitó alimentos provisionales siguiendo para ello el procedimiento marcado por la ley.

En su petición de alimentos alegó, en resumen, que estaba casada con Agostini y había procreado hijos en su matrimonio; que carecía de bienes privativos para su sustento y su esposo se negaba a pagar su alimentación y la de sus hijos; que vivía en la actualidad en la casa de su padre, constituyendo una carga para éste; que como bienes del matrimonio sólo existe un automóvil que Agostini pretende vender.

Agostini excepcionó la demanda. Su excepción fué declarada sin lugar y contestó entonces aceptando algunos hechos y negando otros. En esencia lo que alega el demandado es su inhabilidad para dar los alimentos a causa de no poseer bienes de fortuna y de encontrarse imposibilitado para trabajar.

El caso fué a juicio, se practicaron pruebas y la corte resolvió que Agostini debía pagar mensualmente a su esposa una pensión alimenticia *pendente lite* de cincuenta pesos. El demandado estableció entonces el presente recurso de apelación.

Insiste el apelante en su alegato en que la petición no contiene hechos bastantes para determinar una causa de acción. La petición es en verdad deficiente, pero no de tal

modo que debiera rechazarse por completo. Proporcionó base bastante a la corte que conocía también del pleito principal de divorcio, para resolver la cuestión de alimentos provisionales.

La prueba practicada no deja duda alguna con respecto a la necesidad de la esposa. Esta vive separada de su marido con dos hijos pequeños a su cargo en la casa de su padre que es pobre y sólo gana setenta pesos mensuales con los cuales tiene que sostener a su familia.

La prueba es dudosa con respecto a la habilidad del marido para prestar los alimentos. Se demostró que tenía una pequeña finca y un viejo automóvil. Se aportó prueba con la idea de demostrar que había recibido cierta suma de dinero, pero el mismo padre de la demandante, que fué el testigo que declaró sobre ese extremo, admitió que el pagaré origen del recibo estaba a nombre de las hermanas de Agostini. Se insinuó que Agostini había traspasado sus bienes a sus hermanas, pero no se presentó prueba convincente de ello. Y, por último, se demostró que Agostini tenía deudas y se hallaba en la casa de sus hermanas sufriendo a consecuencia de ciertas heridas que le habían inferido, según su propia declaración, a causa de "supuestos díceres con respecto a una hermana del agresor, a quien criticaban de quererse conmigo."

Están obligados recíprocamente a darse alimentos en primer término los cónyuges y en segundo los ascendientes y descendientes legítimos. Véase el artículo 213 del Código Civil.

La obligación es, pues, recíproca. En este caso la esposa ha demostrado que no tiene bienes de fortuna, ni ganancias, y que vive con dos hijos en el hogar de su padre, que apenas gana para sostenerse y sostener a los que dependen de él directamente. La obligación claramente recae sobre el esposo y padre. Ahora bien, la ley no exige imposibles. Un

marido sin bienes de fortuna e imposibilitado de trabajar, aunque esté lleno de los mejores sentimientos, no podrá cumplir con el deber de alimentar a su esposa y a sus hijos. Su desgracia más bien lo habría llevado a la triste condición de recibir en vez de dar. ¿Es éste el caso de autos? Hemos dicho que la prueba es dudosa, pero es lo cierto que fué apreciada por el juez sentenciador en el sentido de que el marido cuenta con suficientes recursos para pagar la pensión, y sólo estando convencidos de que el juez había abusado de su discreción, estaríamos justificados para sustituir por el suyo nuestro criterio. No tenemos tal convencimiento.

Quizás la cantidad asignada sea subida en atención a los escasos bienes del esposo y a las condiciones en que éste se encuentra en la actualidad, pero como la cuestión de alimentos queda siempre abierta ante la corte que tiene jurisdicción original, preferimos no alterar su resolución. Si en verdad no se trata de eludir el cumplimiento de un deber, sino de un caso de verdadera imposibilidad, absoluta o relativa, medios tiene el demandado de demostrarlo a la corte. La misma ley (artículo 220 del Código Civil), prevé los casos en que cesa la obligación de alimentar, y sabido es que la pensión puede aumentarse o reducirse de acuerdo con las exigencias de la realidad.

Atendidas las circunstancias concurrentes, creemos que se cumplen mejor los fines de la justicia dejando subsistente la resolución apelada y a las partes sometidas al buen juicio y desinteresada dirección de la corte de distrito.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.